United States District Court
Southern District of Texas
**ENTERED**
December 23, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TIMOTHY KLICK, *et al*,** § | |
| § | |
| **Plaintiffs,** § | |
| VS. § | **CIVIL ACTION NO. 4:19-CV-1583 (lead case)** |
| § | **CIVIL ACTION NO. 4:19-CV-3032 (*Aleem*)** |
| § | **CIVIL ACTION NO. 4:19-CV-3033 (*Sorey*)** |
| § | |
| **CENIKOR FOUNDATION,** § | |
| § | |
| **Defendant.** | |

## MEMORANDUM & ORDER

Pending before the Court are Motions for Equitable Tolling which arise in two related cases: *Aleem v. Cenikor Foundation*, No. 4:19-cv-3032, and *Sorey v. Cenikor Foundation*, No. 4:19-cv-3033. (Doc. 78; *Sorey*, Doc. 88.)[1] These two cases, along with four others involving similar claims against Defendant Cenikor Foundation ("Cenikor"), have been consolidated before this Court for pretrial purposes under the first-filed *Klick v. Cenikor Foundation*, No. 4:19-cv-1583. (Doc. 60.)

In all cases, Plaintiffs seek to recover, under the Fair Labor Standards Act ("FLSA"), minimum wage and overtime compensation from Cenikor for allegedly unpaid labor performed as part of Cenikor's substance abuse treatment program. At issue here, Plaintiffs Aleem and Sorey have moved to equitably toll the FLSA statute of limitations for potential opt-in plaintiffs. After considering the motions, briefing, oral arguments by parties, and applicable law, the Court concludes that both motions should be granted.

---

[1] Plaintiff Aleem filed his Motion for Equitable Tolling in the lead-case *Klick* docket; Sorey filed his Motion in the *Sorey* docket. The Court will refer to filings on the *Klick* docket as "(Doc. ##)," and to filings in other dockets as, e.g., "(*Aleem*, Doc. ##)" or "(*Sorey*, Doc. ##)."

1

I.   **BACKGROUND**

The alleged facts in these cases arise from the time that Plaintiffs Aleem and Sorey spent as participants in Cenikor's substance abuse treatment program in Baton Rouge, Louisiana. (*Aleem*, Doc. 1 ¶ 11; *Sorey*, Doc. 1 ¶ 15.) The relevant procedural histories of the two cases are as follows.

**A.  Procedural History of the *Aleem* Matter**

The lead case *Klick*, as well as the *Aleem* and *Sorey* cases, were all filed on May 1, 2019. (*See* Doc. 1; *Aleem*, Doc. 1; *Sorey*, Doc. 1.) Less than two weeks later, on May 13, Aleem moved for conditional certification of a FLSA collective. (*Aleem*, Doc. 8.) That motion remains pending before this Court.[2] On May 28, Cenikor moved for a 120-day extension of time to file its opposition brief (*Aleem*, Doc. 20); the district judge granted a 14-day extension (*Aleem*, Doc. 24.). The parties dispute whether this extension placed the deadline at June 14 (Aleem's position) or June 17 (Cenikor's position). In any event, on June 18, Cenikor requested clarification of the order granting the extension or, in the alternative, moved for another extension of time to respond to the motion for conditional certification. (*Aleem*, Doc. 30.) Cenikor's grounds for the requested clarification were that the district court had extended the deadline to respond to a similar motion in the *Sorey*

---

[2] The Court was unaware of the pending motion for conditional certification until these motions for equitable tolling were filed, as they were filed pre-consolidation in dockets other than that of the lead case. The Court held a telephonic hearing regarding the pending motions for conditional certification on December 17, 2020. However, the previous day, Cenikor filed a Notice of Supplemental Authority (*Aleem*, Doc. 69) challenging this Court's subject-matter jurisdiction over certain named and potential opt-in plaintiffs, based on the reasoning of a recently decided case in the Northern District of Oklahoma. *See Copeland v. C.A.A.I.R., Inc.*, No. 17-CV-564, 2020 WL 7265847 (N.D. Okla. Dec. 10, 2020) (dismissing claims by plaintiffs who attended residential addiction-recovery program pursuant to state-court orders for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine). As such, the Court has deferred judgment on the motions for conditional certification until Plaintiffs have an opportunity to respond and the Court decides the scope of its jurisdiction in this case.

2

matter, and as such, that the same order also provided an extension of time in the *Aleem* matter. In a June 19 order, the district judge clarified that the extension of time in the *Sorey* matter only applied to that case and was pursuant to of a joint stipulation. (*Aleem*, Doc. 34.) The court did not grant a further extension.

Following a July 1, 2019 status conference in *Aleem*, *Sorey*, and a third related case, the district court entered a minute entry stating: "Ruling on pending motions deferred until issuances of Ruling on Motion to Transfer." (*Aleem*, Doc. 43.) Cenikor argues that any pending (or past) deadline it had to respond to Aleem's motion for conditional certification was thereafter stayed until the motion to transfer was resolved. Aleem disputes this interpretation of the minute entry, arguing that it merely deferred a *ruling* on the motion for conditional certification but did not stay the briefing schedule or deadlines. In any event, Cenikor ultimately filed its response on September 27, 2019 (*Aleem*, Doc. 55), and Aleem thereafter moved to stay briefing pending resolution of the motion to consolidate (*Aleem*, Doc. 57). Briefing was completed in December 2019, and the cases were transferred to and consolidated before this Court on February 25, 2020, under the lead case *Klick*. (*Aleem*, Doc. 65.) On September 10, 2020, Aleem moved to equitably toll the FLSA statute of limitations. (Doc. 78.)

### B. Procedural History of the *Sorey* Matter

The procedural history of *Sorey* has a few minor differences. After filing his complaint on May 1, Sorey filed his FLSA Step-One Notice (in other words, motion for conditional certification under the *Lusardi*[3] framework) on May 10 (*Sorey*, Doc. 12). However, the parties filed a joint stipulation which tolled the statute of limitations through September 27, 2019 in exchange for

---

[3] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) (creating *Lusardi* two-step approach to FLSA certification, which is widely used in the Southern District of Texas).

3

extending Defendant's deadline to file a response to the motion until that date as well. (*Sorey*, Doc. 30.) Cenikor filed its response on September 27, 2019 (*Sorey*, Doc. 67), and briefing on the issue of conditional certification concluded in January 2020. (*Sorey*, Doc. 76.) That motion also remains pending before this Court. The case was consolidated under *Klick* on February 25, 2020. On September 15, 2020, Sorey moved to equitably toll the FLSA statute of limitations. (*Sorey*, Doc. 88.)

Finally, Cenikor represents that as of September 30, 2020, a total of 213 individuals have filed notices of consent to opt into the consolidated cases. (Doc. 80 at 10.)

On October 30, 2020, the Court heard oral argument on both Motions for Equitable Tolling.

## II. LEGAL STANDARD

FLSA contains a two-year statute of limitations for claims of unpaid wages, which is extended to three years if a plaintiff proves that the defendant's violation was "willful." 29 U.S.C. § 255(a). The limitation period runs for each member of the FLSA collective until he or she signs an individual opt-in form. *Magana v. Shore Constr., LLC*, No. 17-CV-1896, 2017 WL 2911353, at *4 (E.D. La. July 6, 2017).

Like all federal statutes of limitations, the limits in FLSA are subject to equitable tolling. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). The litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The plaintiff must show "reasonable diligence, not maximum feasible diligence, and an extraordinary circumstance that derives from some external obstacle to timely filing . . . beyond the plaintiff's control, not from self-inflicted delay." *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017) (internal quotations and citations omitted).

4

The Fifth Circuit has emphasized that equitable tolling is a "narrow exception" to be "applied sparingly." *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011). At the same time, whether to equitably toll a statute of limitations is a decision which rests in the discretion of the district court, and courts must be "cautious not to apply the statute of limitations too harshly." *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000). As one district judge has observed: "Courts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions under 29 U.S.C. § 216(b)." *Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. 8-CV-5105, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) (collecting cases); *see also Shidler v. Alarm Sec. Grp., LLC*, 919 F. Supp. 2d 827, 829–30 (S.D. Tex. 2012) ("Although the Fifth Circuit has held that the doctrine of equitable tolling should generally be applied sparingly, it has nonetheless consistently allowed the doctrine's application where a plaintiff has acted diligently and the delay concerns extraordinary circumstances.").

### III.   DISCUSSION

Aleem seeks equitable tolling beginning on June 14, 2019,[4] for "all individuals in the proposed collective as defined in the Complaint, but who have not yet opted into this action." (Doc. 78 at 1.) The *Aleem* collective is defined as: "All individuals who resided at the Cenikor Foundation, Inc. facility in Baton Rouge, Louisiana, within the three years prior to the filing of the Complaint, and who were assigned by Cenikor to work at third-party facilities but whose earnings

---

[4] In Aleem's view, June 14, 2019 is the date Cenikor's response to its motion for conditional certification was due, given the district court's grant of a 14-day extension to respond. In Cenikor's view, June 17, 2019 is the date, as the original response deadline to Cenikor's motion for conditional certification would have been June 3, and a 14-day extension would run through June 17. (Doc. 80 at 8 n.3.)

5

were kept, in whole or in part, by Cenikor." (*Aleem*, Doc. 1 ¶ 32.)

In *Sorey*, the parties previously stipulated to tolling the statute of limitations through September 27, 2019. As such, Sorey seeks equitable tolling from September 27, 2019 until the Court rules on the motions for conditional certification, for the proposed collective as defined in the Complaint. The *Sorey* collective is defined as: "[A]ll residents of Defendant's facilities in Louisiana and Texas in the last three years who were required to perform work without pay." (*Sorey*, Doc. 1 ¶ 37.)

At the December 17, 2020 hearing, counsel represented to the Court that the *Aleem* collective is a strict subset of the *Sorey* collective.

### A. Diligently Pursuing Rights

To warrant equitable tolling, a plaintiff must first show that he or she has been pursuing his or her rights diligently. Both Aleem and Sorey have plainly made this showing here.

Aleem filed a substantial motion for conditional certification, supported by numerous affidavits, just twelve days after filing the complaint. Plaintiff Sorey filed a similarly well-supported motion for conditional certification, also less than two weeks after filing the complaint. District courts across the country including in the Southern District of Texas have found that such prompt action demonstrates diligence on the part of a plaintiff warranting equitable tolling. *See, e.g., Shidler*, 919 F. Supp. 2d at 830 (noting that the fact that the plaintiff "filed his original motion for conditional certification less than a month after the initial pretrial conference" demonstrated that "he [had] diligently pursued his action"); *Felps v. Mewbourne Oil Co.*, 460 F. Supp. 3d 1232, 1239 (D.N.M. 2020) ("Plaintiff 'diligently preserved' his right to assert equitable tolling" by "filing his original motion [for conditional certification] just over two months after commencing his action."); *Brown v. AvalonBay Cmtys., Inc.*, No. CV 17-6897, 2019 WL 1507901, at *5, *14

(E.D.N.Y. Mar. 29, 2019) (finding that the plaintiffs had exercised diligence by filing a conditional motion for certification pursuant to the court's briefing schedule four months after filing an amended complaint); *Curless v. Great Am. Real Food Fast, Inc.*, 280 F.R.D. 429, 435 (S.D. Ill. 2012) (finding that the plaintiff diligently pursued her rights by filing a motion for conditional certification promptly).

In response, Cenikor directs the Court to a recent unpublished Fifth Circuit opinion *Sandoz*, in which the court declined to equitably toll the FLSA statute of limitations. With respect to the first prong, the court looked to whether the *potential opt-in plaintiffs* had exercised diligence in the absence of notice of a FLSA offense, not whether the named plaintiff himself had exercised diligence. *Sandoz*, 700 F. App'x at 320–21. However, the court also found that "timesheets and paycheck memos that were available to all Cingular employees provided the information necessary to trigger a duty to inquire" among the potential opt-in plaintiffs. *Id.* at 321. Thus, the situation in Sandoz was materially different from the one present here, in which Plaintiffs allege that Cenikor has told the individuals in its substance abuse rehabilitation program that they are in fact not employees and that Cenikor owes them no obligation as an employer. (*See* Doc. 81 at 3.) As one judge in the Southern District of Texas has put it, the "critical inquiry is . . . whether the plaintiff knew his or her rights." *Simpson v. Nine Energy Servs., LLC*, No. H-16-836, 2017 WL 879547, at *2 (S.D. Tex. Mar. 6, 2017) (Rosenthal, C.J.). Here, unlike in *Sandoz* in which the employer-employee relationship was explicit and unambiguous, the individuals who might otherwise have opted into the proceeding are understandably potentially unaware of their status as employees, and thus any lack of diligence on their part is excused or, in the very least, does not weigh against a finding of equitable tolling.

Moreover, in contrast to the dicta in the non-binding *Sandoz* opinion, district courts often

consider the diligence exercised by the plaintiff bringing the action rather than only or even primarily the diligence (or lack thereof) of the potential opt-in plaintiffs. *See, e.g.*, *Shidler*, 919 F. Supp. 2d at 830 (granting equitable tolling on basis that the named plaintiff, not potential op-tin plaintiffs, had diligently pursued action in light of promptly moving for conditional certification); *Felps*, 460 F. Supp. 3d at 1239 (same); *Brown*, 2019 WL 1507901, at *5, *14 (same); *Curless*, 280 F.R.D. at 435 (same).

Thus, Plaintiffs Aleem and Sorey, in promptly filing motions for conditional certification, have acted diligently in pursuing their rights. Moreover, to the extent that potential opt-in plaintiffs have a similar duty in certain circumstances under *Sandoz*, that duty is excused here given an alleged lack of knowledge regarding their potential status as employees covered by FLSA.

### B. Extraordinary Circumstances

Second, a plaintiff must show that extraordinary circumstances stood in the way of meeting the statute of limitations. Both Aleem and Sorey have also made the requisite showing under this prong.

The two conditional motions for class certification have been pending for over 19 months in this Court. This delay was due in part to the various motions for extensions of time that were filed by Cenikor, in addition to the complex procedural history of the case (including numerous motions to transfer, consolidate, and stay or otherwise modify discovery). Both the *Aleem* and *Sorey* matters were transferred twice—first from Judge John W. deGravelles to Judge Brian A. Jackson, who both preside in the Middle District of Louisiana, and second to this Court.

Further, given the fact that the cases were consolidated under the lead case *Klick*, and the motions for conditional certification were filed in the now-stayed *Aleem* and *Sorey* matters, the Court was unaware of the pending motions until Plaintiffs moved for equitable tolling and as a

8

result did not act promptly on them. Finally, the COVID-19 pandemic has resulted in slowdowns both in Court processes as well as in the ability of both parties' counsel to conduct expeditious discovery. Thus, through no fault of their own, Plaintiffs have waited over one-and-a-half years for an answer on the motions for conditional certification, both of which were filed within two weeks of the initial complaints.

These factors, considered as a whole and especially in light of the pandemic, sufficiently constitute extraordinary circumstances that warrant equitable tolling. In reaching this conclusion, the Court is guided by the fundamental principle that potential plaintiffs "whose putative class representatives are diligently and timely pursuing the claims should . . . not be penalized due to the courts' heavy dockets and understandable delays in rulings." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012); *see also Sandoz*, 700 F. App'x at 320 (noting that the key is whether the extraordinary circumstances result from something other than the plaintiff's "self-inflicted delay"). Given this principle, it is unsurprising that district courts have held that extreme procedural delay, especially delay of over one year where the plaintiff has exercised diligence in pursuing his or her rights, may constitute such extraordinary circumstances. *See, e.g., Koch v. Jerry W. Bailey Trucking, Inc.*, No. 1:14-CV-72, 2020 WL 5076792, at *10 (N.D. Ind. Aug. 27, 2020) (finding that delay of fourteen months between motion for class certification and eventual certification constitutes extraordinary circumstances); *Baker v. Sunburst Consulting, Inc.*, No. CV 16-124, 2017 WL 3271727, at *5 (D. Mont. July 6, 2017) (finding that procedural delay together with delay due to internal court processes warrants equitable tolling); *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 188 (finding that the "balance of equities requires granting equitable tolling" given the plaintiff's "steadfast due diligence" throughout the litigation).

In response, Cenikor offers a few arguments, but they are ultimately to no avail. First,

9

Cenikor argues that the period of time taken to rule on a motion for conditional certification is not, in and of itself, an extraordinary circumstance, nor are "routine litigation" tactics that may result in procedural delay. *See Sandoz*, 700 F. App'x at 321. To be sure, "[c]ourts in the Fifth Circuit regularly deny motions for equitable tolling when the *only* justification provided is the delay in deciding a motion for conditional class certification." *English v. Tex. Farm Bureau Bus. Corp.*, No. 17-CV-323, 2019 WL 5191832, at *4 (W.D. Tex. Oct. 15, 2019) (emphasis added) (collecting cases). But the cases Cenikor cites do not compel a finding against plaintiffs here. To start, the delay in *English* and in every case cited therein was less than one year; here, the delay approaches a year and a half. As detailed above, district courts have found it well within their discretion to hold that procedural delay beyond a certain point simply can constitute extraordinary circumstances. Moreover, courts have distinguished between court-induced delay that is due entirely to "consideration of the conditional certification," and court-induced delay that is "unrelated to the certification itself." *Shidler*, 919 F. Supp. 2d at 831. In the latter scenario—where the delay is court-induced but due to some factor other than simply considering a motion for certification—district courts have found extraordinary circumstances warranting equitable tolling. *Id.* And such is the case here. The Court has not been simply considering the merits of the motions for conditional certification for 19 months; rather, the combination of (1) pre-consolidation briefing, including various motions to stay pending transfer and consolidation, motions for extensions of time, and allegations (about which the Court expresses no opinion here) that Cenikor untimely filed its responses to those motions, (2) the fact that the cases were consolidated under a new lead case and thus the Court was simply unaware of the pending motions until recently, and (3) the recently raised issue of this Court's subject-matter jurisdiction (*see Aleem*, Doc. 69),

together reflect extraordinary delay wholly unrelated to the issue of certification itself.[5] Finally, unlike in *English* in which the district judge noted that the court's "work was unaffected" by the government shutdown (which Cenikor analogizes to the current pandemic), COVID-19 undoubtedly affected the Court's work and parties' general ability to conduct discovery. For these reasons, the Court declines to follow the approach taken in *English* and other district court decisions that have found mere procedural delay in deciding the issue of certification to not warrant equitable tolling.

Cenikor next argues that the fact that 213 notices of consent have been filed across the six consolidated cases demonstrates the "relative ease" with which individuals have asserted their claims. (Doc. 80 at 12.) But the Court agrees with Aleem and Sorey that that the fact that 213 individuals have filed consent across the six cases provides little evidence that all or even most individuals in Cenikor's programs were on notice, as the number of potential plaintiffs is much larger (given that in just one of the Cenikor facilities, there were approximately 150 individuals in residence at any given period of time, and the opt-in period is three years). And unlike in *English*, 2019 WL 5191832, at *2, in which "nothing prevented other [plaintiffs] from discovering or asserting their claims," or in *Sandoz*, 700 F. App'x at 321, in which the "timesheets and paycheck

---

[5] Cenikor argues that *Shidler* is inapposite, because in that case, (1) the defendant agreed to the form of conditional certification, (2) the defendant agreed that the plaintiff had diligently pursued his claims, and (3) the court sua sponte required further briefing on the issue of subject-matter jurisdiction. (Doc. 80 at 9 n.7.) The Court disagrees. As to the first two points, the Court fails to understand how a defendant's agreement as to the form of certification and agreement as to whether plaintiff has diligently pursued his claims materially affects the analysis of whether extraordinary circumstances exist. As to the third point, the Court finds the situation in this case analogous or at least similar enough to the situation in *Shidler*, in that the Court is currently considering its subject-matter jurisdiction in this case. Moreover, various district courts in which these now-consolidated cases were filed felt it prudent to address the *a priori* issue of consolidation before addressing the issue of certification. Thus, issues unrelated to the issue of certification have led, at least in part, to the delay here, which is similar to the situation in *Shidler*.

memos that were available to all . . . employees provided the information necessary to trigger a duty to inquire," the potential plaintiffs in these cases had good reason to be unaware of their potential status as employees covered by FLSA given that they were not formally employed by Cenikor, in the commonly understood or day-to-day sense of the word employment.[6]

Ultimately, the decision whether to grant equitable tolling is within the discretion of the district court, *Patterson*, 211 F.3d at 931, and it is one that inherently involves weighing the equities at play. Here, Plaintiffs have diligently litigated this case and pursued their rights by promptly filing motions for conditional certification, which were pending for over a year-and-a-half for reasons unrelated to certification itself. To penalize potential plaintiffs under these circumstances would be unfair. To echo the words of another district judge, "the combination of the pandemic and the Court's decisions regarding the structure of [the] litigation" together are enough to warrant equitable tolling. *See Baxter v. Burns & McDonnell Eng'g Co.*, No. CV 19-3241, 2020 WL 4286828, at *3 (D. Md. July 27, 2020).

Thus, in light of Plaintiffs' diligence; the pandemic; the procedural complexities that occupied the first nine months of litigation in this case including multiple stays, transfers, and consolidation; the fact that the Court was unaware of the pending motions for conditional certification until recently; the recently raised issue of this Court's subject-matter jurisdiction; the extraordinary length of delay; and the fact that many participants in Cenikor's programs may be

---

[6] To be clear, the Court expresses no opinion as to whether Plaintiffs and potential opt-in plaintiffs are or are not employees within the meaning of FLSA—that is an issue related to the merits of the case, which is not currently before the Court. Rather, the Court simply makes the common-sense observation that participants (or, to use Cenikor's terminology, patients) in a substance abuse treatment program may very well understand their relationship with that program as distinct from that of employee and employer as commonly understood, notwithstanding whatever the law may require.

understandably unaware of their status as potential plaintiffs in this litigation, the Court finds that Plaintiffs have met their burden to warrant equitable tolling.

### C. The Date from Which the Statute Should be Equitably Tolled

Finally, the Court concludes that tolling is warranted in the *Aleem* matter from the requested date of June 14, 2019, and in *Sorey* from the requested date of September 27, 2019. As to the *Aleem* matter, Aleem represents that June 14 is the date on which Cenikor's response to the Motion for Conditional Certification was due. Cenikor argues that the correct date is in fact June 17. The Court need not resolve this minor dispute, as district courts have granted equitable tolling from an even earlier date—the date a plaintiff files his or her motion for conditional certification. *See, e.g.*, *Chime*, 137 F. Supp. 3d at 188. Thus, the Court grants *Aleem*'s request. And as to the *Sorey* matter, the statute has already been tolled through September 27, 2019 pursuant to a joint stipulation. Thus, the Court concludes that September 27 is the appropriate date from which further tolling should occur.

### IV. CONCLUSION

For the foregoing reasons, the Motions for Equitable Tolling (Doc. 78; *Sorey*, Doc. 88) are **GRANTED**. The statute of limitations as to the *Aleem* matter is tolled from June 14, 2019, and the statute of limitations as to the *Sorey* matter is tolled from September 27, 2019.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on December 23, 2020.

*/s/ Keith P. Ellison*

Hon. Keith P Ellison
U.S. District Judge